UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ROSEANN MARTUCCI,

                  Plaintiff,

    -against-

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                  Defendant.
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**
11-CV-3269 (FB)

*Appearances:*
*For the Plaintiff:*
HAROLD SKOVRONSKY, ESQ.
1810 Avenue N
Brooklyn, New York 11230

*For the Defendant:*
LORETTA E. LYNCH, ESQ.
United States Attorney
DAVID MICHAEL ESKEW, ESQ.
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

        Plaintiff Roseann Martucci seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for benefits under the Social Security Act (the "Act"). Both parties move for judgment on the pleadings. The parties' motions are denied, and the case is remanded for further proceedings.

I

        Martucci filed an application for disability insurance benefits on July 8, 2009, claiming that she suffered from spinal disease and anxiety. After the Social Security Administration denied her application, Martucci requested a hearing before an Administrative Law Judge ("ALJ").

As an initial matter, the ALJ found that Martucci meets the insured status requirements of the Act. Next, applying the familiar five-step process, the ALJ found that Martucci had not engaged in substantial gainful activity since her alleged onset date, January 23, 2009. Second, the ALJ found that Martucci's degenerative disc disease qualified as a medically determinable severe impairment, but that her anxiety did not. Third, the ALJ considered whether Martucci's degenerative disc disease met the criteria listed in 20 CFR Part 404, Subpart P, Appendix 1, and found that it did not. Fourth, the ALJ determined that Martucci had the residual functional capacity ("RFC") to perform the full range of sedentary work. Finally, the ALJ found that Martucci was capable of performing her past relevant work as a self-employed corporate stock lender, because "[a]s described by claimant, this job was performed at the sedentary level." A.R. at 16.

On February 9, 2011, the ALJ issued his decision concluding that Martucci is not disabled within the meaning of the Act. On June 22, 2011, the Appeals Council denied Martucci's request for review, rendering the Commissioner's decision to deny benefits final. Martucci timely sought judicial review.

## II

In evaluating the Commissioner's final ruling, the district court "review[s] the administrative record de novo to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Acierno v. Barnhart*, 475 F.3d 77, 80–81 (2d Cir.2007) (quoting *Pollard v. Halter*, 377 F.3d 183, 188 (2d Cir.2004)). The ALJ erred, applying an incorrect legal standard, in evaluating Martucci's subjective complaints of pain.

An ALJ "has discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant." *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). The ALJ must consider "[s]tatements [the claimant] or others make about [her] impairment(s), [her] restrictions, [her] daily activities, [her] efforts to work, or any other relevant statements [she] make[s] to medical sources during the course of examination or treatment or to [the agency] during interviews, on applications, in letters, and in testimony in. . . administrative proceedings." 20 C.F.R. § 404.1512(b)(3); *see also* 20 C.F.R. § 404.1529(a).

The ALJ's written opinion does not demonstrate consideration of any of these factors. Instead, the ALJ noted the following:

> This is not to imply that claimant does not experience pain and discomfort, however, there is no evidence she has ever undergone physical therapy, acupuncture, or other conservative treatment modalities, and continues to refuse surgery, options any individual would want to consider if they were experiencing debilitating pain such as claimant alleges. Further, claimant does not use or require a cane for ambulation.

A.R. at 16. Having determined that Martucci's statements about the severity of her pain were not credible, the ALJ gave "fairly little weight" to the opinion of her treating physician, Dr. Joseph Suarez, that this pain prevented her from returning to work. *Id.*

In this evaluation, the ALJ improperly "substitute[d] his own judgment for competent medical opinion" by basing his disability determination entirely on what he, a non-medical professional, believed would be an appropriate course of treatment for debilitating pain. *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (internal quotation marks omitted). Contrary to the ALJ's statements, the record shows that Martucci did attend physical therapy sessions in an

3

attempt to remedy her pain. She also received prescriptions for pain medicine. There is no clinical evidence showing that alternative therapies like acupuncture would be effective for Martucci's back pain, or that any physician recommended such a course of treatment. Although Martucci's treating physician informed her that surgery was a "possible" treatment for her back pain, there are no records stating that surgery was necessary or would absolutely cure her impairment. A.R. at 160. At her hearing, the ALJ questioned Martucci about her pain management using prescription medications such as Oxycodone and about her use of a cane to climb stairs and to walk around her home, but he did not ask about alternative treatments or her fear of undergoing surgery.

Accordingly, there was no support in the record for the ALJ's finding that the absence of such treatments cast doubt upon the legitimacy of Martucci's subjective complaints of pain. In light of the ALJ's flawed evaluation of Martucci's ailments, there is insufficient evidence to establish as a matter of law that she is disabled.

### III

For the foregoing reasons, the parties' motions are denied and the case is remanded for further proceedings. On remand, the ALJ should properly evaluate Martucci's subjective complaints of pain in light of the evidence in the record.

**SO ORDERED.** /s/ Judge Frederic Block

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 21, 2012

4